# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DEXTER MOORE                                                                    PLAINTIFF

v.                                    3:17CV00097-JM-JJV

K. BOWERS, Jail Administrator,
Craighead County Detention Center; *et al.*                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Dexter Moore ("Plaintiff") is incarcerated at the Craighead County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 5.) He alleges a piece of his legal mail was opened outside his presence, violating his First and Sixth Amendment rights as well as his right to privacy. (Doc. No. 5 at 5.) He seeks damages in the amount of $9,182,000.00. (*Id.* at 7.) I previously cautioned Plaintiff that his original Complaint failed to plead enough facts to state a viable claim, as it did not connect the act of opening his legal mail to any of the named Defendants and made no allegation of improper motive or interference with his right to counsel or right to access the courts. (Doc. No. 4 at 4.) I offered Plaintiff an opportunity to file a superseding Amended Complaint, and he has now done so. (*Id.*, Doc. No. 5.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's Amended Complaint is a verbatim copy of his original Complaint. (Doc. Nos. 1, 5.) Accordingly, for the same reasons stated in my prior Order (Doc. No. 4), his Amended Complaint fails to plead enough facts to state a viable claim. Specifically, although Plaintiff alleges his legal mail was opened outside his presence on one occasion, he does not connect this act to any of the named Defendants. *See Barber v. Shock*, No. 4:08CV04116, 2009 WL 196683, at 4 (E.D. Ark. Jan. 28, 2009). Plaintiff alleges only that Defendant T. Harrell responded to his grievance submitted on the matter. (Doc. No. 5 at 5.) But a prison grievance procedure is a procedural right only; it does not confer any substantive rights or give rise to a protected liberty

interest. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). In addition, Plaintiff's Amended Complaint sets forth "no allegation or evidence demonstrating any improper motive on the part of Defendants or that their actions in any way interfered with his right to counsel or to access the courts or that they have prejudiced him in any way." *Barber*, 2009 WL 196683, at 4. An "isolated incident" of opening an inmate's legal mail outside his presence, "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (quoting *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).[1] For these reasons, Plaintiff's Amended Complaint fails to state a claim to relief that is plausible on its face.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] I also note Plaintiff has not alleged the legal mail at issue was privileged mail – that is, "mail to or from an inmate's attorney and identified as such." *Gardner*, 109 F.3d at 430. Instead, Plaintiff states the mail was marked "United States District Court." (Doc. No. 5 at 5.)

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 26th day of May, 2017.

                                                        _____
                                                        JOE J. VOLPE
                                                        UNITED STATES MAGISTRATE JUDGE